# BAUTISTA VISO LORENZO

*v.*

# PORTO RICO SUGAR COMPANY.

---

San Juan, Law, No. 610.

1. When a sugar mill in Porto Rico contracts to grind a planter's cane for several crops, or "zafras," beginning from the 31st day of December, and nothing is said about when the grinding of any particular crop is to end, evidence will be received as to what the custom of the country, in the particular section referred to, is as to what months are included within such a "zafra," or grinding season.

Lorenzo v. Porto Rico Sugar Co.

2. Contracts must receive a reasonable construction in the light of surrounding circumstances, and in the absence of particular stipulations the parties must be held to have had in contemplation only those risks and delays which reasonable men ought to have had in mind at the time of entering into the contract.

3. Section 1254 of the Civil Code of 1902, of Porto Rico, embodies a rule similar to a well-known common-law rule that "the uses or customs of the country shall be taken into consideration in interpreting ambiguities in contracts, supplying in the same the omission of stipulations which are usually included."

4. When a "colono," or planter, is bound by the terms of his contract to deliver his cane to be ground to a particular sugar mill, and the same is ripe and ready to be ground, the mill is bound to receive and grind the same at a time, and in a manner, that will not unreasonably damage the planter by permitting it, through delay, to become overripe or its subsequent "ratoons," or sprouts, to rot, and in default of so doing the mill will be held liable for the loss.

5. As to whether or not the sugar mill failed to seasonably grind the planter's cane, and as to the extent of the damage, if any, because of such fact, is matter for the jury.

Opinion filed September 7, 1909.

---

*Messrs. Henry F. Hord* and *Arturo Aponte, Jr.*, attorneys for plaintiff.

*Mr. Charles M. Boerman*, attorney for the defendant.

RODEY, Judge, delivered the following opinion:

This cause is before us on a motion for a new trial. We have considered the issue with a good deal more than ordinary care, because it is the first large suit of the kind, so far as we know, that this court has had to consider. It squarely raises

V. Porto Rico—7.

the question whether a sugar factory, or central, that contracts with a planter, or "colono," to grind his cane during a "zafra," or grinding season, when nothing is said in the contract about the particular time or months within which the grinding must be done, is liable for any loss or damage that may occur to the colono by reason of not grinding his cane when it is ripe, and whether the colono must take the risk of the machinery of the central breaking down, and causing damage by unreasonable delay in the grinding of his cane. In this particular case the plaintiff alleged that he had made a contract with the defendant to grind his cane for five seasons. He owned several plantations, and made several contracts with the defendant, the material clause in each being as follows: "The term of the present lease is that of five crops or 'zafras,' beginning from the 31st of December last, to which date the parties hereto date back the date of the present deed, and shall terminate at the end of the crop of 1912."

The plaintiff further, in a general way, alleged,—and the proofs tended to show,—that his cane was ready to be ground, and that it should have been ground between the months of January and the first weeks of June, but that instead, about half of the first year's crop, some 108,000 tons, was ground in the latter part of June, and up to the 23d of July, 1908, and that this resulted not only in the crop thus ground producing much less sugar than it otherwise would have produced, but that it also resulted in the rotting of about 240 cuerdas of the ratoons, or sprouts, for the succeeding year of 1909, as no cane at all sprouted or grew upon said quantity of his land. He also alleged that the central had failed to properly grade a piece of railway which it had agreed to do, to haul some of his cane,

Lorenzo v. Porto Rico Sugar Co.

and that he was damaged more than $1,000 by reason of having to haul the cane from that portion of one of his plantations in ox-carts.

The evidence on each side—which we have just reread from the stenographer's transcript, amounting to 156 pages—is quite conflicting. It appears, though, that in the early part of the season the defendant defaulted in the number of cars that it was sending to plaintiff's plantation to get his cane, and only furnished him with seven or eight cars instead of sixteen per day, as it had been furnishing. It further appeared in the evidence that plaintiff protested vigorously against this slow receiving of his cane, and against requiring him to desist from cutting it occasionally for days at a time, and went to the extent of serving a notarial protest upon the defendant on that account.

There was a good deal of evidence tending to show that the grinding season, in that section of the island of Porto Rico, is understood to be from January to June inclusive, but it also appears well in evidence that cane cut in the latter part of June, even though such cutting is often unavoidable, is still a damage to both parties, but more to the colono than to the mill. On the other hand, there is some evidence tending to show that there is no definite time included in the expression "zafra," or grinding season, but that it may run from January even to August.

The defendant complains: "(1) That the verdict is excessive; (2) that as the contracts do not fix the time within which the cane shall be ground, that therefore evidence could not be heard to limit the time to certain months; (3) that custom cannot be read into a contract in Porto Rico in any event; and (4) that

no sufficient proof was made of the custom to grind cane between January and June, or any other certain time."

After having given consideration to the brief and argument of counsel for both parties, and to the evidence as set forth in the exhibits and the transcript, we are of opinion that the jury was right, in its holding, that this defendant did delay grinding plaintiff's cane for such a length of time as that he was damaged, at the very least, in the amount of the jury's verdict, that is, the sum of $15,000.

It was also in evidence that the mill was a first-class one, and in good condition when it started; that its capacity was 500 long tons of cane per day of 24 hours; that 25 days is the average time in each month which such a mill ought to run. Therefore this mill should have ground 12,500 long tons, or 275,000 quintals, per month; so it ought to have ground a total of 1,650,000 quintals of cane between January and June inclusive. It was in evidence that the total cane contracted to be ground at that mill, for that season, was 1,200,000 quintals; therefore, a calculation will show that, if the mill had run at its ordinary capacity it could have finished the grinding in about four months. There was evidence that the mill stopped grinding many times, owing to breakages, and that once it stopped for twenty days continuously.

The evidence tended to show that it would probably be more profitable for both the colono and the central if all cane could be ground in the months of February, March, and April, but the general trend of the testimony was to the effect that early grinding in January resulted in slight loss to both, whilst late grinding in June resulted in larger loss to the colono. As to cane ground in the latter part of June, and during July, the

Lorenzo v. Porto Rico Sugar Co.

weight of the evidence was that it would ordinarily be disastrous to the colono. Therefore, it appears that the six months' term from January to June inclusive is a reasonable length of the grinding season for both parties, and we do not think the colono ought, in the absence of a specific contract to the contrary, to be obliged to take a risk that would result in his cane not being ground until the month of July. The colono under his contract is bound to deliver his cane to the mill, and in our opinion it is reasonable to hold that it should be ground at a time that will not result in unnecessary damage to him. See our opinion in Sucrerie Centrale Coloso v. Esteves, 4 Porto Rico Fed. Rep. 25.

Contracts must receive a reasonable construction in the light of surrounding circumstances, and the parties must be held to have had in contemplation only those risks and delays which reasonable men ought to have had at the time of entering into the contract.

To our mind, as before stated, there can be no question that plaintiff was damaged in at least the amount which the jury found in his favor. The grave question is one of law, that is: Is the plaintiff entitled to recover at all under the circumstances of the case?

We are satisfied that the issues were properly tried, and properly submitted to the jury, and are constrained to hold that, as matter of law, when a sugar factory or central in this island simply contracts to grind cane of a colono during a grinding season, and at the time knows the condition of the cane that the colono has planted, and knows the capacity of its own mill, it is its duty to grind that cane within a reasonable time, and not

Lorenzo v. Porto Rico Sugar Co.

to unreasonably damage the colono in and about the execution of the work under the contract.

Plaintiff laid his damages in the sum of $30,000, which included the default as to the construction of the railroad, and we are of opinion that the proofs more than sustain the jury's finding of $15,000.

We therefore hold that recovery can be had for a default in that regard in Porto Rico, because, under § 1254 of the Civil Code, "the uses or customs of the country shall be taken into consideration in interpreting ambiguities in contracts, supplying in the same the omission of stipulations which are usually included."

In other words, we do not think that where a colono contracts to deliver his cane to a certain central, and is bound by his contract to so deliver it, that the central can so unreasonably delay the grinding as to unreasonably damage him. Sucrerie Centrale Coloso v. Esteves, 4 Porto Rico Fed. Rep. supra. Hence, we think it was matter for the jury in this particular case to say, in the absence of a definite stipulation, fixing the time within which the cane should be ground, whether the central did so unreasonably damage him. They found, and we think properly, on the evidence, that plaintiff was so damaged, and it is no part of our duty, nor have we the right, to disturb the verdict. See our opinion in Munich v. Valdés, 3 Porto Rico Fed. Rep. 251.

For the reasons stated, and with a full realization of the importance of the holding, we are constrained to overrule the motion for a new trial, and an entry to that effect will be made.